Galion Iron Works & Mfg. Co., to use, *v.* Hollenback Twp., Appellant.

Submitted April 15, 1929.  Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*J. Q. Creveling* and *T. J. Grover,* for appellant.—In the former action Bloss sued Hollenback Township for the money here involved, as a loan to the township for which a note had been given him by the supervisors of Hollenback Township. The defense there was that the claim and the note were void, an ultra vires act, and the supervisors had no power to create the debt or give the note. The power to borrow money for purchasing road machinery, is not within the powers of the supervisors. The court found that the money advanced was a loan: Potter's Nat. Bank v. Twp., 260 Pa. 104; Maneval v. Twp., 141 Pa. 426; Fallowfield Twp. Supervisor's Petition, 5 Wash. 168; International Harvester Co. v. Twp., 43 Pa. Superior Ct. 410.

Bloss brought the former suit against the township, treated the whole as a loan, sued for it as a loan, and the court in that case found as a fact that it was a loan, and refused recovery. That suit is res judicata: Hoover v. Epler, 52 Pa. 522; Webster & Goldsmith's App., 86 Pa. 409; Campbell v. Home Assn., 163 Pa. 609; International Harvester Co. v. Twp., 43 Pa. Superior Ct. 410.

Whenever a plaintiff introduces and makes the record of an action, and a recovery therein against himself, the foundation of his suit or basis of his claim in an action brought by him afterwards against a third person, he is not at liberty to deny the principle upon which the action was decided: Weckerly v. Congregation, 3 Rawle 172; Morton v. Traction Co., 20 Pa. Superior Ct. 395; Ashton's App., 4 Walker 492; Wills v. Kane, 2 Grant (Pa.) 60; Peoples Water Co. v. Pittston, 241 Pa. 208.

*G. J. Clark,* for appellee, cited: Wright v. Grover, 82 Pa. 80; Haverford L. & B. Assn. v. Fire Assn., 180 Pa. 522; Lackawanna T. & S. D. Co. v. Gomeringer, 236 Pa. 179; Brandt v. Tuscarora, 43 Pa. Superior Ct. 410.

OPINION BY MR. JUSTICE SCHAFFER, May 13, 1929:

The facts in this case are not really in dispute. On May 5, 1921, the use plaintiff, Mahlon F. Bloss, was treasurer of defendant township. It, sometime previously, with the approval of the State Highway Department, had purchased from the Galion Iron Works & Manufacturing Company a stone crusher for use in the improvement of the public roads in the township, the cost of which was to be paid in installments. The day named, the agent of the Iron Works offered the township supervisors to discount the price of the crusher 2% if they would pay him cash for it. They were unable to accept the offer because the township did not have the necessary funds in its treasury. Bloss then offered to make the payment out of his own pocket, provided the supervisors would agree to refund the amount to him out of the yearly tax payments which would be received the following month. The supervisors agreed to this and Bloss paid the agent the amount due $2,038.40 and took from him a receipt in full. Bloss had previously made advances to the township in connection with the road work it was doing, so that the total amount of his expenditures for its account footed up $2,500. When taxes sufficient to pay him came in, the township found itself in such financial shape that if he were paid, it could not carry on its road improvement program, whereupon he offered to waive present payment and to permit the work to proceed, provided the supervisors gave him a note for $2,500, payable in a year, which they did. The note was not paid and he brought suit on it. The court below in that action, for reasons which do not clearly appear from the record, but apparently because it was of opinion that the note represented an indebtedness, so far as the stone crusher part of it was concerned, beyond the power of the supervisors to contract in the form in which it was evidenced, permitted recovery only for advancements, exclusive of the stone crusher, amounting to $461.50, holding that,

"Plaintiff is not entitled to recover by this direct action in his name the cost of the stone crusher, $2,038.40, though he may be so entitled in an action by the seller of same to his use," and directed judgment for the less sum without prejudice to the enforcement of the rest of his claim by an appropriate action. Following this outcome of the suit on the note, Bloss procured an assignment from the Iron Works of its claim against the township, dating the assignment back to the time he had made the payment, and, following the court's suggestion, brought this suit in the name of the Iron Works to his use. The case by agreement was referred to Hon. Henry A. Fuller, former president judge of the 11th Judicial District, as referee, who found against the township for the amount claimed with interest. His finding was approved by the court below, which entered judgment against the township from which it appeals.

Appellant treats the transaction as though it were an outright loan of money by Bloss, pointing to the entry on its minutes when the $2,500 note was given in June, "Borrowed from M. F. Bloss, May, $2,500," as proof that it was a loan. The undisputed facts, however, show that initially it was not; that it was a temporary advancement made in the township's behalf. If at that time the Iron Works had assigned its contract to him, there could be no question of his right to recover; that he thereafter took the township's note as evidence of its indebtedness could not obscure the real transaction as it originally arose. The appellant takes the position that the supervisors of a township cannot borrow money on the credit of the township except in extraordinary emergencies such as a destructive flood (Potters National Bank v. Ohio Township, 260 Pa. 104; Maneval v. Jackson Township, 141 Pa. 426); but here they did not in reality borrow any money,—they simply recognized another creditor as the owner of a valid existing indebtedness due by the township. In any case it would seem that recovery might well have been permitted in

the suit on the note. Such obligations given for loans incurred for the repair and improvement of public roads are properly made, provided the expenditure be one within the current revenues, which include taxes for the ensuing year and all liquid assets, such as delinquent taxes, licenses, fines and other revenues which, in the judgment of the authorities, are collectible: Georges Township v. Union Trust Co., 293 Pa. 364.

Appellant argues that the contract with the Iron Works had been extinguished by the payment made to it and that it could not be revived by an assignment to Bloss as use plaintiff so as to support this action. If the township had borrowed the money from Bloss and made the payment, this might be so, but this is not what was done. In International Harvester Co. to use of Brandt v. Tuscarora Township, 43 Pa. Superior Ct. 410, cited by appellant, Judge RICE, in writing the opinion, recognizes and distinguishes a situation such as we are now dealing with when he says, "if, at the instance of the supervisors, Brandt had paid the debt of the township with the expectation of standing in the creditor's place with reference to that debt, in that case it might be said that the payment was in fact a purchase of the debt and was intended to operate as such."

It is also argued that the prior suit on the note is res judicata as to the pending action. In view of the manner in which that suit was disposed of without prejudice to the bringing of the action now before us, the bar of res judicata could not arise. To quote from an article by the present Chief Justice in 38 Yale Law Journal 299, MOSCHZISKER'S Legal Essays, pages 59-60: "A suit dismissed, on demurrer or otherwise, for some formal or technical defect, such as misjoinder or non-joinder of parties, a mistaken form of action, or premature bringing of action, is no bar to a subsequent suit on the same cause of action. Judgments of the kinds indicated should be considered as concluding only the technical points decided, unless they in fact go to

the merits of the case." "A judgment sustaining a demurrer to a petition for want of form and of proper parties merely decides that the suit cannot be sustained in that form against these parties, and it is not a bar to another suit for the same cause of action": Detrick v. Sharrar, 95 Pa. 521. The principles laid down in these two quotations are controlling in the case at bar. The effect of the refusal to permit recovery on the note of the sum here involved without prejudice to the enforcement of the claim in another action was to leave the parties in the same position as if the first suit had not been commenced: Rubinsky v. Kosh, 296 Pa. 295. For an analogous case outside the jurisdiction, see Wills v. Pauly, 116 Cal. 575, 48 Pac. 709, where a suit commenced by a married woman in the Federal court, and dismissed because brought in her name, was held no bar to a subsequent action in the state court between the same parties. The argument advanced that the treasurer took an inconsistent position at the second trial is not justified. The cases cited are instances where an attempt was made to avoid an obligation at a later trial, which was insisted on in an earlier contest. Such is not the case here, where the situation involves merely a change in the form of action.

The judgment is affirmed.