Emerson C. Custis & Company, Appellant, *v.*
Pennsylvania Salt Manufacturing Company.

Argued Dec. 6, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

*William Langton Rubin,* for appellant.

*Robert T. McCracken,* with him *Richard E. Mc-Devitt* and *Robert C. Walker,* for appellee.

OPINION BY MR. JUSTICE PATTERSON, January 2, 1945:

This is an action in assumpsit by Emerson C. Custis and Company, a real estate corporation, appellant, against Pennsylvania Salt Company, a corporation, appellee, to recover damages resulting from an alleged breach of a contract which provided, *inter alia,* that appellant was to secure prospective tenants for a proposed wholesale fruit and produce market and upon the erection and completion thereof to manage and collect the rents and receive for such service a commission of five percent. This appeal is from the judgment of the court below sustaining an affidavit of defense raising questions of law for the reason that plaintiff, by its pleadings, has shown its inability to lawfully perform its obligations of the contract.

On August 11, 1936, the parties entered into an agreement dated July 1, 1936, wherein appellee undertook to secure necessary plans for the erection of buildings to be used as a produce market capable of accommodating 50 merchants. Upon acceptance of the plans, appellant was to secure tenants for the proposed market. The

term of each lease was to begin January 1, 1937. After 50 such leases were procured and accepted by appellee, it was to proceed at its expense with the erection of the buildings in accordance with the accepted plans. After construction, appellant was to collect rents and manage the buildings and surrounding premises, subject at all times to the direction of appellee, and to exert itself to secure new or additional tenants for unoccupied space. In return for services rendered, appellant was to receive a commission of five percent on all rentals collected.

Paragraph 7 of the contract provided that notwithstanding any provision to the contrary, appellee "shall have the right to terminate this agreement at any time on or before August 1, 1939, by delivering a statement in writing to that effect to the [appellant] upon the happening of any of the following events: . . . (b) The failure of the [appellant] or Emerson C. Custis, individually, to perform the duties imposed upon them, respectively, under the terms of this agreement . . .(d) The death or incapacity of Emerson C. Custis to perform the duties imposed upon him by this agreement." If appellee accepted the original 50 leases and should complete the buildings contemplated, then the agreement should continue in full force and effect for 20 years from January 1, 1937, subject to the provisions of Paragraph 7. Appellant was to account to appellee for all rentals collected monthly and concurrently therewith to make payment of all rentals collected after having deducted its commission.

On September 9, 1936, Leonard T. Beale, president of appellee company, and acting on its behalf, notified appellant in writing that it was cancelling the contract for the reason that the Custis Corporation, appellant, having had its license as a real estate broker revoked by an order of the Department of Licensure, effective July 24, 1936, was unable to perform its duties under the contract. Paragraph 42 of the second amended statement of claim avers that appellant had duly appealed

from the revocation and was entitled to have and did have a supersedeas by force of statute. It had, therefore, full and complete capacity and power to enter into and perform the terms and conditions of the contract. Paragraph 58 avers that on June 25, 1942, six years later, the department had *reinstated* its real estate broker's license and also the license of Custis and issued current licenses for the year 1942. Suit was brought for $90,000, the alleged commission which appellant would have received over a period of 20 years. Appellant was twice permitted to amend its statement of claim. To the second amended statement of claim appellee filed an affidavit of defense raising questions of law, contending that the pleadings show (1) the contract was voidable at appellee's option, there being no allegation that appellee knew of the revocation of appellant's license as a real estate broker prior to the execution of the contract, and (2) by reason of the revocation of its license, performance by appellant would have been illegal and, hence, performance by appellee was excused.

The Custis Company contends (1) that under the terms of the contract it was not acting as a real estate broker within the meaning of the Act of 1929, P. L. 1216, section 2,[1] and (2) that the demurrer admits that appeal

---

[1] Section 2 of the Act of 1929, P. L. 1216, (amended by Act of 1937, P. L. 2811, section 1, 63 P.S. 432) provided: "The term 'real estate broker' shall include all persons . . . and corporations . . . who, for another and for a fee, commission, or other valuable consideration, shall sell, exchange, purchase, or rent, or shall negotiate the sale, exchange, purchase or rental, or shall offer or attempt to negotiate the sale, exchange, purchase, or rental, or shall hold himself or themselves out as engaged in the business of selling, exchanging, purchasing, or renting of any real estate, interest in real estate, the property of another . . . or shall collect or offer or attempt to collect rental for the use of real estate, the property of another . . . One act in consideration of compensation, by fee, commission or otherwise, of buying, selling, renting or exchanging any such real estate of or for another, or attempting or offering so to do, or negotiating a loan upon or leasing or renting or placing for rent any such real estate, or col-

from the departmental order was duly filed and thus by statutory provision operated as a supersedeas. The court below sustained the demurrer and held that appellant was acting as a real estate broker within the meaning of the Act, that its pleadings established an inconsistency which in effect admitted that it possessed no license over a period of six years, that by reason of the revocation of its license it was legally prevented from fulfilling the obligations imposed by the contract [2], and that appellee acted properly in terminating the contract.

That appellant was acting as a real estate broker within the meaning of the Act is apparent when the nature of its duties under the contract are considered. It was a corporation which, for a commission, rented or negotiated the rental or offered or attempted to negotiate the rental and held itself out as engaged in the business of renting real estate, the property of another. It was to collect or attempt to collect rental for the use of real estate. By its conduct it was *prima facie* a real estate broker within the meaning of the Act. Cf. *Verona v. Schenley Farms Co.*, 312 Pa. 57, 61, 63. That this action is based upon a specific contract is of no moment. Appellant could not, by the simple expedient of contract, remove itself from the all embracing terms of the Real Estate Brokers' Act: *Burns v. Gartzman*, 139 Pa. Superior Ct. 453, 456.

Regarding the inability of appellant to legally perform the duties imposed upon it by the contract, the

lection of rent therefrom, shall constitute prima facie evidence that the person . . . or corporation, so acting or attempting to act, is a real estate broker within the meaning of this Act."

[2] Section 6 of the Act of 1929, P. L. 1216 (amended by the Act of 1931, P. L. 1410, section 1, and the Act of 1937, P. L. 2811, section 2, 63 P.S., section 436), provided: ". . . it shall be unlawful for any person, copartnership, association, or corporation to engage in or carry on the business, or act in the capacity of a real estate broker . . . within this Commonwealth, without first obtaining a license as a real estate broker . . . from the department."

court below properly said: "It is true that [appellant] . . . avers in paragraph 44, that it did have full and complete capacity and power to perform the terms of the said contract. But, each of these averments is . . . an averment of a conclusion. It is a conclusion that is inconsistent with the [appellant's] averment in paragraph 58 . . . because therein the [appellant] asserts in effect that it was not until 1942 that it was able to prevail upon the Department of Licensure of the Commonwealth of Pennsylvania to issue to it a license. If the [appellant] intended to convey the impression that it was at all times properly licensed as a real estate agent and broker for the purpose of collecting rents, it should have done more than tell an incomplete story. It has not done so when it limits itself to saying that upon notice from the Department of Licensure that its license would be revoked as of July 24, 1936, it gave notice of appeal. It needs to make a further averment that its notice was properly given; that this appeal was successful and that as a result thereof its license was either continued in effect or restored to it at a date that would not prevent it from functioning."

Section 16 of the Act of 1929, 63 P.S. 446, is a complete bar to this action by appellant. That Act provides: "No action or suit shall be instituted, nor recovery therein be had, in any court of this Commonwealth by any . . . corporation for compensation for any act done or service rendered, the doing or rendering of which is prohibited under the provisions of this act to others than licensed real estate brokers, unless such . . . corporation was duly licensed hereunder as real estate broker at the time of the doing of such act or the rendering of such service." See *Verona v. Schenley Farms Co.*, supra, 60, 61; *Luce v. Cook*, 227 Pa. 224, 228; *Burns v. Gatzman*, supra, 460, 463. Cf. *F. F. Bollinger Co. v. Widmann Brewing Corporation*, 339 Pa. 289, 293-4. Subsequent compliance with the law will not vitiate illegal-

ity existing at the time of prior transactions nor effect an enforceable cause of action to supplant one declared by the legislature to be unenforceable.

The judgment of the court below is affirmed.