## Fiumara, Appellant, v. Texaco, Inc.

Argued November 29, 1967. Before BELL, C. J., MUSMANNO, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*A. E. Hurshman,* for appellant.

*Henry T. Reath,* with him *Robert W. Sayre, Miles W. Kirkpatrick, Russell C. Dilks, John T. Clary,* and *William C. Weitzel, Jr.* and *Frank R. Clampitt,* of the New York Bar, and *Duane, Morris & Heckscher,* and *Saul, Ewing, Remick & Saul,* and *Morgan, Lewis & Bockius,* for appellees.

Opinion Per Curiam, January 3, 1968:

Pasquale Fiumara, the plaintiff, filed an action in the Court of Common Pleas of Philadelphia County charging a conspiracy among the defendants, Texaco, Inc., Sinclair Refining Company, Humble Oil & Refining Company and Gulf Oil Corporation to establish a monopoly to control the retail resale price of gasoline in the Philadelphia area, as a result of which conspiracy he avers that he, as a retail gasoline dealer, sustained financial losses. He claimed $78,228.40 as compensatory damages and $150,000 in punitive damages.

The defendants filed answers containing new matter, setting forth, inter alia, the defense of res judicata and collateral estoppel on the basis that the purported claim against the defendants had twice been previously litigated: (a) In the case of *Fiumara v. Texaco, Inc.*, Civil Action 29671 in the United States District Court for the Eastern District of Pennsylvania, summary judgment was entered in favor of the defendants on May 4, 1962, by Judge van Dusen against the plaintiff, this ruling being affirmed per curiam by the United States Court of Appeals for the Third Circuit (310 F. 2d 737). The United States Supreme Court denied plaintiff's petition for writ of certiorari in that case (372 U.S. 976). (b) In the case of *Fiumara v. Texaco, Inc.*, originally instituted on July 13, 1963 in the Philadelphia common pleas court but removed to the United States District Court for the Eastern District of Pennsylvania, Civil Action No. 33296, Judge van Dusen on December 17, 1963, also entered summary judgment in favor of the defendants and against the plaintiff on grounds of res judicata and collateral estoppel. The plaintiff did not appeal from that summary judgment. The record of the prior proceedings were incorporated by reference into the defendant's new matter.

In this case the defendants joined in a motion for summary judgment which was granted by the court below. The court characterized the plaintiff's action as "part of a seemingly endless chain of court activities which has evolved from a plethora of litigious actions between the parties, quite aptly referred to as an 'apparently unending carousel of litigation.'" The plaintiff has appealed to this Court.

After a study of the record, it is difficult to conclude otherwise than as did the court below, that "Since the plaintiff in this action cannot succeed without proving conspiracy between the defendants to control retail prices of gasoline, and since this issue was determined against the plaintiff in prior proceedings which were pursued to final judgment, the res judicata contentions of the defendants must be accepted, and their joint motion for summary judgment granted.

"An analysis of the complaints which were before Judge VAN DUSEN and his two decisions and the complaint now before this Court reveals that there are no differences which are not minimal, and none which would support a holding that the complaint in the present case presents any cause of action which has not been previously adjudicated by Judge VAN DUSEN's two decisions." The defendants, after Judge VAN DUSEN's second opinion, and prior to and after the plaintiff's present action was instituted, had sought from the district court an injunction to restrain plaintiff from prosecuting "any claim, cause of action, question or fact which was or could have been litigated in two prior actions decided by this court." District Court Judge HIGGINBOTHAM refused the injunction, he being of the opinion that there had been "no irreparable injury proven," or any showing of "manifest wrong or injustice" to warrant injunctive relief. In his opinion Judge HIGGINBOTHAM clearly stated that he was not holding that the defense of res judicata or collateral estoppel

would not be available to the defendants if plaintiff instituted a suit, but he was only holding that he felt the court could not restrain plaintiff's action, especially when issues of state and federal comity were involved. Plaintiff seeks to interpret one sentence of Judge HIG- GINBOTHAM'S opinion as making the defense of res judi- cata and collateral estoppel inapplicable. Judge HIG- GINBOTHAM stated: "There is no reason for me to as- sume that my equally able colleagues on the state court would not honor or comprehend any appropriate de- fense of collateral estoppel or res judicata. I am also certain that they will take into consideration the rele- vant changes in state law which have been discussed in my prior opinion." Because of this last sentence, plain- tiff claims that "relevant changes in state law" are those brought about by our decision in the case of *Olin- Mathieson Chemical Corporation v. White Cross Stores,* 414 Pa. 95, and, in view of such changes, the defense of res judicata and collateral estoppel cannot govern. With regard to this, the lower court properly reasoned that "If the issues involved herein have been deter- mined by Judge VAN DUSEN, it is not apparent how the reversal by the Pennsylvania Supreme Court of its view on the legal matter there involved can give rise to any new factor which could alter the defendant's res judicata position. Whether or not the Supreme Court's decision in Olin-Mathieson could add anything to plain- tiff's new claim need not be decided because we are satisfied that we cannot treat plaintiff's instant suit as one de novo, just as if the final adjudications in his prior suits had never happened, and it is our con- clusion that the plaintiff may not pursue this action in the face of the fact determinations in Judge VAN DUSEN'S opinions, regardless of the effect that may then or now be attributed to the non-signer provision of the Fair Trade Act."

For the court to have held otherwise would have meant that a case which has finally and fully been determined can nevertheless later be relitigated if the law with respect thereto seems later to change. This would invite chaos in the law and make judgments uncertain and constantly subject to future changes.

It is clear that plaintiff has had more than "his day" in Court.

Judgment affirmed.

Mr. Justice Jones took no part in the consideration or decision of this case.