**SUN SALES CORPORATION and Spartan Steel Corporation, Joint Venturers, t/a Pocono Investment Properties**

v.

**BLOCK LAND, INC., Poplar Ridge Corporation, Effort Corporation, and Fred Frankel, Individually.**

**Civ. A. No. 70-231.**

United States District Court, E. D. Pennsylvania.

July 17, 1970.

Edgar R. Einhorn, Philadelphia, Pa., for plaintiffs.

Lenard L. Wolffe, of Dechert, Price & Rhoads, Philadelphia, Pa., for defendants.

HIGGINBOTHAM, District Judge.

## OPINION

In February, 1969 Pocono Investment Properties, Inc., a Pennsylvania corporation and the successor in interest to Pocono Investment Properties, filed suit in the Court of Common Pleas, Philadelphia County, against Block Land, Inc., Poplar Ridge Corporation, Effort Corporation, and Fred Frankel alleging breach on the part of all the defendants of a written agreement involving commissions on the sale of certain undeveloped land in Monroe County, Pennsylvania (hereinafter referred to as "the State Suit"). Late in January, 1970, Sun Sales Corporation and Spartan Steel Corporation, New York corporations, trading as a joint venture under the name of Pocono Investment Properties, filed the instant complaint against the same defendants in this Court on the basis of diversity jurisdiction alleging breach of the same written agreement (hereinafter referred to as "the Federal Suit.") The defendants have moved to dismiss the complaint and in the alternative for a summary judgment. Among the multiple grounds for defendants' motion is the assertion that matters crucial to the plaintiffs' recovery in this lawsuit have already been decided adversely to plaintiffs' contentions in the State Suit.

## THE STATE COURT PROCEEDINGS

In the State Suit the present plaintiffs' successor in interest alleged that Pocono Investment Properties' right to act as the exclusive sales agent for the sale of defendants' land on the installment plan at a commission of forty per cent (40%) of the "Net Sales Price," had been breached by the defendants' failure to comply with various state regulations throughout the country for installment sales of real estate. (¶ 6, Complaint in the State Suit.) Because the defendants had allegedly breached the agreement by selling the realty themselves and by refusing to allow the plaintiffs to perform their duties under the contract, the plaintiffs sought several forms of relief in the State Suit. The plaintiffs sought to enjoin the defendants from mortgaging or conveying the property without first paying the plaintiffs its brokerage commissions of forty per cent (40%). The plaintiffs further sought an accounting from the defendants from the date of the agreement for the amounts to which the plaintiffs were purportedly entitled.

The defendants filed multiple preliminary objections to the plaintiffs' complaint in the State Suit. (A verified copy of the pleadings and proceedings in the State Suit are attached to defendants' motion for summary judgment, docket entry No. 4.) The defendants raised preliminary objections in the nature of a demurrer, objections to venue, objections on the grounds that the suit was *lis pendens* by another action pending in the Court of Common Pleas, objections to equity jurisdiction, and objections for failure to join another cause of action in the same court.

Of these five types of objections, some of which had several sub-parts, the State Court ruled only on those in the nature of a demurrer, and felt it unnecessary to consider the others. The State Trial Judge sustained defendants' preliminary objections 1(b) and 1(c). Those objections read:

"1. The facts alleged in the complaint do not set forth a cause of action in that:

\*   \*   \*   \*   \*   \*

"(b) The plaintiff has not averred any facts sufficient to show that it

has any cognizable interest in the controversy, and

"(c) the plaintiff has failed to aver that it is a proper party under the Act of May 1, 1929, P.L. 1216, 16 as amended."

The State Trial Judge's order provided that:

"Preliminary Objections 1(b) and (c) of defendants to plaintiffs' complaint are sustained, with leave to the plaintiff, within thirty (30) days, to plead facts averring that at the times referred to in the said complaint, the plaintiff, in compliance with the Real Estate Brokers' License Act of 1929, as amended, was a duly licensed real estate broker in the Commonwealth of Pennsylvania. Upon failure of the plaintiff to so amend his complaint, the complaint is dismissed.

"The Real Estate Brokers' License Act of 1929, as amended, applies to the present action, particularly those Sections set forth in 63 P.S. 431, 442, and 446. The case of Curtis & Co. v. [Pennsylvania] Salt Mfg. Co., 351 Pa. 148 [40 A.2d 481] applies to the present case. Mandatory compliance with the Act cannot be avoided by pleading a contract which contravenes the provisions of said Act.

"It is therefore unnecessary for the Court at this time to consider the other preliminary objections of the defendants.

"BY THE COURT:

"/s/ McClanahan, J."

Relying apparently on Rule 229(a)[1] of the Pennsylvania Rules of Civil Procedure, 12 P.S., the plaintiffs' attorney

discontinued the State Suit by sending the Prothonotary the following Order:

"ORDER TO DISCONTINUE
"TO THE PROTHONOTARY:

"Mark the above-captioned action discontinued without prejudice, upon payment of your costs.

"/s/ Edgar R. Einhorn."

The State Suit was then marked discontinued without prejudice in compliance with plaintiffs' attorney's request.

ALLEGATIONS IN THE PRESENT COMPLAINT

The allegations of the complaint in the Federal Suit are identical to those of the State Suit except for two slight modifications, two additional allegations, and a slight variation in the form of relief requested. The plaintiffs in this action, Pocono Investment Properties, are nominally different in that plaintiff in the State Suit, Pocono Investment Properties, Inc., was alleged to be the successor in interest to the plaintiff in the instant matter. But, for the purposes of this lawsuit, Pocono Investment Properties, Inc., is the same party as Pocono Investment Properties since the latter assigned its rights under the agreement to the former prior to the institution of the State Suit. And now, prior to the start of the Federal Suit, the rights under the contract have been reassigned from Pocono Investment Properties, Inc. to Pocono Investment Properties.[2] Secondly, the complaint in the Federal Suit alleges that the defendants' breach of the agreement was "deliberate and wanton" (¶ 15, Complaint in the Federal Suit); whereas, the complaint in the State Suit alleged that the defendants refused to comply with the terms of the written agreement and otherwise breach-

---

1. Rule 229(a) provides that:
    "(a) A discontinuance shall be the exclusive method of voluntary termination of an action, in whole or in part, by the plaintiff before commencement of the trial."

2. It appears from plaintiffs' brief that this is the case, Brief for the Plaintiff, pp. 15–16.

ed the contract. (¶ 13, ¶14, Complaint in the State Suit). In addition to these two modifications, the Federal Suit complaint contains an additional allegation that one of the named defendants, Poplar Ridge may or may not be a Pennsylvania Corporation. (¶ 3, Complaint in the Federal Suit). The other additional allegation is that the plaintiff, through its corporate joint venturers, is licensed to sell real estate in New York, Rhode Island, Connecticut, Massachusetts, and "elsewhere". (¶ 8, Complaint in the Federal Suit.) Besides the relief sought in the State Suit, in this complaint in Federal Court, plaintiffs seek punitive damages and an order to compel the defendants to permit the plaintiffs to act as the defendants' exclusive sales agent under the agreement.

## DISCUSSION

The issue presented is whether a state court adjudication in sustaining a demurrer to the complaint with leave to amend is binding on the plaintiffs in a subsequent suit filed in Federal Court on the same cause of action, where the plaintiffs have not availed themselves of the opportunity to amend, but chose instead to voluntarily terminate the state court action, in apparent conformity with local practice, prior to the institution of the Federal lawsuit. The four preliminary requirements for the application of the doctrine of res judicata are met in the Federal Suit: (1) identity of the things sued upon; (2) identity of cause of action; (3) identity of persons and parties; and (4) identity of capacity of party suing or being sued. Stevenson v. Silverman, 417 Pa. 187, 208 A.2d 786 (1965). The change from the original party to the contract to the assignee of the rights under that contract in no way varies the requirement of identity of parties or their privies. Furthermore, the plaintiff seeks in both suits the same relief and bottoms his

claim for relief on the same written agreement. The characterization of the defendants' alleged breach as "deliberate and wanton" in no way changes the present suit to allege a different cause of action from that alleged in the State Suit. Thus, the inquiry essential to resolution of the issue in this lawsuit is whether "ultimate and controlling issues have been decided in a prior proceeding in which the present parties had an opportuntity to appear and to assert their rights." Callery v. Municipal Authority of Township of Blythe, 432 Pa. 307, 243 A.2d 385 (1968).

After consideration of the effect of the Trial Judge's ruling in the State Suit and consideration of a reasonable interpretation of the state rules of civil procedure, I have decided that the plaintiff is barred from relitigating those issues and that the defendants' motions must be granted. My conclusion is in conformity with the policies underlying the doctrine of res judicata and policies enunciated in Erie Ry. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), and its progeny.

Plaintiffs' position that the trial court's ruling in the State Suit was "not on the merits" is buttressed somewhat by some lower state court rulings interpreting the effect of the Pennsylvania Rules of Civil Procedure allowing the institution of a second suit after a voluntary discontinuance by a plaintiff.[3] Those state court rulings were not however, concerned directly with the doctrine of res judicata. The few courts interpreting the effect of that specific provision, Rule 231 of the Pennsylvania Rules of Civil Procedure, have been rulings on whether to strike a discontinuance under Rule 229(c) rather than a ruling on the binding effect of prior rulings on demurrers. Rule 229(c) provides that:

"The court, upon petition and after notice may strike off a discontinuance

3. Rule 231 provides:
"After a discontinuance or voluntary non-suit the plaintiff may commence a second action upon the same cause of action upon payment of costs of the former action."

in order to protect the rights of any party from unreasonable inconvenience, vexation, harassment, expense, or prejudice."

It might well be argued that a federal diversity court under *Erie,* is compelled to do as a state court would and allow the filing of a second complaint.

■ In Sharp v. Zmiejko, 85 Pa.Dist. & Co. 484 (1953), Judge Pinola of the Luzerne County Common Pleas Court held that a discontinuance should not be striken where preliminary objections to the complaint had been sustained and where the plaintiffs had been ordered to amend, but instead the plaintiff obtained leave of court to discontinue the first action. The plaintiff filed instead a second complaint curing the defect of the original complaint. In accord: Burdumy v. Ohio Casualty Insurance Co., 24 Pa.Dist. & Co.2d 623 (1961). *In neither of these cases did the trial judge hold, however, that the plaintiff could ignore the ruling of the court and not cure the defect.* Implicit in those decisions is the notion that the filing of the same complaint after a demurrer had been sustained would be viewed as vexatious to the defendants. The suggestion that *Erie* is controlling is not well taken since as a Federal Diversity Court I do not have the power to strike a discontinuance as a state court might. Furthermore, as will be demonstrated below, the Federal Suit Complaint does not cure the defect pointed out by the state trial judge.

■ Plaintiffs' reliance on Rules 229(a) and 231(a) is based on the assumption that the language "before trial" in Rule 229(a) means before any testimony has been taken or perhaps before the case is called for trial. Although this interpretation of the quoted language is perhaps also assumed by the two lower court cases cited above, a more reasonable interpretation of the term "before trial" would give this term the meaning of an opportunity to be heard. For rulings of law have been held to be on the merits for the purposes

of res judicata. Vanderveer v. Erie Malleable Iron Company, 238 F.2d 510 (C.A. 3, 1956) (where the Court held that a state ruling that certain products were not covered by a patent in a suit for an accounting by the plaintiffs was binding on the plaintiff in a subsequent suit for patent infringement). In construing a federal statute allowing the removal of suits involving international banking from state courts to federal courts "at any time before the trial," 12 U.S.C.A. § 632, Judge Rifkind interpreted the term "trial" in a broad sense to mean "a judicial examination of the issues between the parties, whether they be issues of law or of fact." Aktiebolaget Svenska Handelsbanken v. Chase National Bank of New York City, 69 F.Supp. 833 (S.D.N.Y., 1947). There the defendant was held not entitled to removal because argument on the plaintiff's motion for judgment on the pleadings had been held prior to defendant's attempted removal. The argument on plaintiff's motion, where the state court was empowered to grant either party a judgment on the pleading, constituted a "trial" for the purposes of the statute. Similarly, the argument on defendants' demurrers in the State Suit constituted a "trial" in the sense that the plaintiff had his opportunity to be heard on the issues of law decided by the court. For the purposes of applying the doctrine of res judicata, it is not necessary that testimony be taken, only that the parties have had a full opportunity to be heard on the issues.

■ A more careful analysis of what the trial court decided in the State Suit and the function of the federal diversity court demonstrates that I should look at what the state court decided rather than plaintiff's and the Prothonotary's characterization of the court's action. The state court's citation of Curtis v. Salt Mfg. Co., *supra,* which held that subsequent compliance with the Real Estate Brokers Act after the signing of an agreement to act as a broker would not entitle the broker to recover his commissions, indicates that the state

court was of the view that plaintiff would be acting as brokers within the meaning of the Act. The Act prohibits, in unequivocal language, the bringing of suit and recovery of any commissions except by those licensed under the Act.[4] The effect of the state court's interpretation of its Real Estate Brokers Act is to close the courts of the Commonwealth of Pennsylvania to those persons performing brokerage services under the Act but who are not licensed under the Act. If the state court is closed to a party, the federal diversity court is likewise closed. Cf. Angel v. Bullington, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832 (1947) where a holding by the state court that a person was barred from recovery of a deficiency judgment was held to be res judicata when the plaintiff sued in the federal diversity court in that state.

█ Of course the plaintiffs argue somewhat persuasively that the state trial judge ruling was erroneous in their brief. Plaintiffs' brief goes so far as to suggest their reasons for seeking to discontinue the Common Pleas action:

> "The reason for the Common Pleas action being discontinued is because Judge McClanaghan of the Common Pleas Court of Philadelphia County refused *to follow the law as enunciated by the Third Circuit* in the C. B. Snyder Realty Co. [v. Sherrill-Noonan, Inc., 261 F.2d 271] case, supra. It was felt that full effect of this decision and other similar Circuit Court decisions could only be obtained by an action being instituted in the United States District Court * * *." (Emphasis added.) p. 17, Plaintiffs' brief.

But as Justice Frankfurter noted, "the merits of a claim are disposed of when they are refused enforcement." Angel v. Bullington, 330 U.S. 190, 67 S.Ct. 661. Despite the debatable suggestion that a member of the United States District Court has a better understanding of the applicability of a Pennsylvania regulatory statute than his distinguished colleague on the state Court, neither flattery nor the law sanctions a federal court breaching the principles of res judicata to allow the plaintiff a second chance to relitigate the applicability of the Real Estate Brokers Act. For the plaintiffs have not sought to cure the defect in the original complaint, but seek instead to proceed on a wholly new theory that licensing in New York would satisfy the terms of the agreement and allow the plaintiffs to operate lawfully. Such a proposition has already been rejected once by the court in the State Suit. The harshness of the doctrine of res judicata in not allowing a person to correct in subsequent litigation what he may feel is an erroneous ruling must be weighed against the benefits to the overall administration of justice. The ruling that the plaintiffs could not recover unless they had complied with the Pennsylvania Real Estate Brokers Act was the kind of controlling issue that a party should not be allowed to relitigate. There were appeal processes available to correct the alleged misconception of the law that the plaintiffs claim the state judge made.

## CONCLUSION

█ The two complaints are in all material matters the same. The trial judge in the State Suit ruled that the plaintiffs could not recover their commissions under the contract for failure to comply with the Pennsylvania Real Estate Brokers Act, but granted the

---

4. 63 P.S. § 446 provides:
    "No action or suit shall be instituted, nor recovery therein be had, in any court of this Commonwealth by any person, copartnership, association, or corporation for compensation for any act done or service rendered, the doing or rendering of which is prohibited un-

der the provisions of this act other than licensed real estate brokers, unless such person, copartnership, association or corporation was duly licensed hereunder as real estate broker at the time of the doing of such act or the rendering of such service."

plaintiffs leave to amend. The plaintiffs did not amend, but chose instead to voluntarily discontinue the state court action. This unilateral act on the part of the plaintiffs cannot erase the fact that the state court made a determination of an ultimate issue adversely to plaintiffs' contentions that would bar relief in any court of Pennsylvania. The ruling of the state court is binding on the plaintiff, even if erroneous, in a federal diversity court where the plaintiffs have had a full opportunity to present their views and to be heard. Therefore, the defendants' motion to dismiss must be granted since the ruling that the plaintiff is precluded from recovery in the State Suit is binding on the plaintiff in this Federal Suit.