456 F.2d 857
 SUN SALES CORPORATION (a New York Corp.) and Spartan Steel
Sales Corporation (a New York corporation), Joint
venturers, t/a Pocono Investment
Properties, Appellant,
v.
BLOCK LAND, INC., et al.
 No. 19273.
 United States Court of Appeals,
Third Circuit.
 Argued Sept. 13, 1971.
Decided Feb. 18, 1972.
 
 Edgar R. Einhorn, Philadelphia, Pa., for appellant.
 Leonard Wolffe, Dechert, Price & Rhoads, Philadelphia, Pa., for appellees.
 Before STALEY, ADAMS and MAX ROSENN, Circuit Judges.
 OPINION OF THE COURT
 MAX ROSENN, Circuit Judge.
 
 
 1
 The appellant in this case, Pocono Investment Properties, has appealed from an order of the district court, 316 F.Supp. 379, dismissing their action with prejudice.
 
 
 2
 Prior to the commencement of this federal suit based on diversity jurisdiction, a state court suit had been voluntarily discontinued under Rule 229[1] of the Pennsylvania Rules of Civil Procedure, 12 P.S. Appendix, after a decision on a preliminary objection adverse to the plaintiff. Believing the discontinuance was without prejudice assignees of the state court plaintiff instituted this action in federal court, but the district judge barred the action, holding the issues decided in the state court were res judicata.
 
 
 3
 In February 1969 proceedings in the Court of Common Pleas of Philadelphia County were begun by Pocono Investment Properties, Inc., a Pennsylvania corporation, against Block Land, Inc., Poplar Ridge Corporation, and Fred Frankel. The defendants were all Pennsylvania residents. The state complaint alleged breach of a contract under which plaintiff was to sell on behalf of defendants certain undeveloped land in Pennsylvania. Pocono alleged that it had been given the exclusive right to sell the land throughout the United States for a brokerage commission of 40% of the "Net Sales Price."[2] The complaint stated that the defendants had failed to comply with various state regulations for the installment sale of real estate, breaching the agreement. Defendants had allegedly further breached the agreement by selling the land themselves, and as a consequence, the state court action asked for several forms of relief. The plaintiff requested equitable relief to enjoin the defendants from mortgaging or conveying the property without first paying the plaintiff its brokerage commission of 40% and an accounting from the defendants from the date of the agreement for the amounts to which the plaintiff was purportedly entitled.
 
 
 4
 Defendants raised several preliminary objections but the state court dealt only with demurrer, sustaining defendants' preliminary objections 1(b) and 1(c).
 
 
 5
 The state trial judge's order provided that:
 
 
 6
 Preliminary Objections 1(b) and (c) of defendants to plaintiffs' complaint are sustained, with leave to the plaintiff within thirty (30) days, to plead facts averring that at the times referred to in the said complaint, the plaintiff, in compliance with the Real Estate Brokers' License Act of 1929, as amended, was a duly licensed real estate broker in the Commonwealth of Pennsylvania. Upon failure of the plaintiff to so amend his complaint, the complaint is dismissed.
 
 
 7
 The common pleas court went on to state that it construed the facts in such a way that Pocono Investment Properties, Inc., was doing business in Pennsylvania and therefore under the Act had to register with the appropriate licensing authorities before being able to maintain an action on a real estate brokerage contract in a Pennsylvania court.[3]
 
 
 8
 Relying apparently on Rule 229(a) of the Pennsylvania Rules of Civil Procedure and prior to the running of the thirty day period, the plaintiff's attorney voluntarily terminated the state suit by sending the prothonotary an order to mark the suit voluntarily discontinued without prejudice. The suit was so marked.
 
 
 9
 Subsequently a new suit was brought in the District Court for the Eastern District of Pennsylvania in diversity. Along with several minor changes from the state complaint, it had one significant difference: the plaintiff was now the joint venturer, Pocono Investment Properties, whose two partners, Sun Sales Corp. and Spartan Steel Sales Corp., were both New York corporations. The joint venture had been reassigned the rights under the contract after the dismissal of the state court action, with the result that the real parties in interest were once again facing each other.
 
 The new complaint further asserted that:
 
 10
 Plaintiff, Pocono Investment Properties, through its joint venturer, Spartan Steel Sales Corporation, and its agents and employees, was licensed to sell real estate in the states of New York, Rhode Island, Connecticut, Massachusetts and elsewhere.
 
 
 11
 In the district court the appellants claimed that this allegation cured the defect of the state court complaint because, by virtue of reciprocity between several of the states mentioned in the allegation and Pennsylvania, there was proper licensure in Pennsylvania under 63 P.S. Sec. 437(f).[4]
 
 
 12
 The district court held that the plaintiff was barred from relitigating the issues before it. Although conceding that the trial court's ruling in the state suit was "not on the merits," and therefore before trial, the district court held that the appellants were barred by the binding effect of the previous state decision, notwithstanding the voluntary discontinuance. The opinion noted that in all previous state cases where a voluntary discontinuance had been allowed after an order to amend or dismiss had been filed, the amended complaint had at least corrected the defect found in the order.[5] The federal complaint was held not to have cured the failure to comply with the Pennsylvania Real Estate Brokers Act. Neither the joint venture nor the partners were licensed to do business in Pennsylvania. The district court concluded therefore that appellant was precluded from bringing suit on the real estate contract under 63 P.S. Sec. 446.
 
 
 13
 While disposition on a preliminary motion does not bar a subsequent suit on the same cause of action in Pennsylvania,[6] Fiumara v. Texaco, Inc., 428 Pa. 302, 236 A.2d 516 (1968); Ahrens v. Goldstein, 376 Pa. 114, 102 A.2d 164 (1954); Wallace's Estate, 316 Pa. 148, 174 A. 397 (1934); cf. Denckla v. Maes, 313 F.Supp. 515 (E.D.Pa.1970), any preliminary matter which is heard and adjudicated cannot subsequently be relitigated during the course of a suit. Galion Iron Works & Mfg. v. Hollenback Twp., 297 Pa. 68, 146 A. 448 (1929); Hoover, for Use of Angeletti v. Paterni, 140 Pa.Super. 211, 13 A.2d 914 (1940); Restatement of Judgments Sec. 49 Comment (b). See also 1A Moore's Federal Practice. p 0.409.
 
 
 14
 Therefore, when in the disposition of a preliminary objection the court directs the amendment of a complaint, the plaintiff may not proceed unless he complies with the order. In Pennsylvania he may effect that compliance by amending his complaint or by suffering a voluntary discontinuance and instituting a new action which cures the defects previously adjudicated. Sharp v. Zmiejko, 85 Dist. & Co.R. 484 (1953); cf. Burdumy v. The Ohio Casualty Insurance Co., 24 Dist. & Co.R.2d 623, 49 Del. 48 (1961).[7] If the new pleadings did not effect such a cure, the defendant would be prejudiced by the repetitious litigation, and would have to reargue points already decided by the court in what is effectively an earlier phase of the same litigation. The fact that the amended pleading was brought in the name of the assignee of the original plaintiff does not ease this burden because successors in interest are bound by the decisions rendered against the prior holder of the rights. Loughran v. Matylewicz, 367 Pa. 593, 81 A.2d 879 (1951); Commonwealth ex rel. McClintock v. Kelly, 287 Pa. 139, 134 A. 514 (1926); Restatement of Judgments Sec. 89. Cf. Denckla v. Maes, supra.
 
 
 15
 The question before this court then becomes whether the reassignment of the rights under the contract to the original partnership, both of whose partners are New York corporations, remedied the original pleading. If the point of law involved in this second action is the same at issue in the first, then the matter is res judicata and barred. However, if the reassignment and new averments in the complaint state a different legal issue, then the doctrine of res judicata does not apply. It would be appropriate under such circumstances for the district court to give full consideration to whether the claim was still barred under 63 P.S. Sec. 446.
 
 
 16
 The opinion of the court of common pleas can only be conclusive of the issues before it, and cannot be extended to questions which were not presented to it. Pilgrim Food Products Co. v. Filler Products, 393 Pa. 418, 143 A.2d 47 (1958); Larsen v. Larsen, 392 Pa. 609, 141 A.2d 353 (1958). In this case, the common pleas court decided only that 63 P.S. Sec. 446 applied to a Pennsylvania corporation suing on any real estate brokerage contract. While it is extremely doubtful that even this holding is correct, it is a matter of state law which should have been attacked by appeals within the state court system and not by a second action in the federal courts. Cf. Angel v. Bullington, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832 (1947). The case on which the common pleas court relied, Custis & Co. v. Pa. Salt Mfg. Co., 351 Pa. 148, 40 A.2d 481 (1945) dealt with a contract performed within Pennsylvania and was therefore arguably not applicable to Pocono's case, but such a mistaken interpretation would have to have been disposed of by appeal and not by collateral attack.
 
 
 17
 The situation in the instant federal suit is considerably different from the one in the state suit. Here New York corporations are suing over rights contained in a New York contract, written in New York and governed by New York law, to be performed in New York and elsewhere-but presumably not in Pennsylvania.[8] To require a New York corporation not doing business in the state to register in Pennsylvania for no other reason than to be able to bring suit on its claim raises severe constitutional questions that we doubt strongly were resolved in the common pleas court.
 
 
 18
 When a foreign corporation is doing business in a state, it is appropriate for the state to require the entity to register with the appropriate officials before being allowed to sue in its courts. Woods v. Interstate Realty Corporation, 337 U.S. 535, 69 S.Ct. 1235, 93 L.Ed. 1524 (1949); Pittsburg Construction Co. v. West Side Belt R. Co., 227 Pa. 90, 75 A. 1029 (1910), aff'd. 219 U.S. 92, 31 S.Ct. 196, 55 L.Ed. 107 (1911). Such requirement advances the state's substantive interests in protecting its citizens by making foreign corporations amenable to suits in its courts and by placing them under the control of any appropriate regulatory and taxing authorities. Such a bar will be recognized by federal courts sitting in diversity. Woods v. Interstate Realty Corp., supra; Angel v. Bullington, supra.
 
 
 19
 This position was reaffirmed by the Supreme Court in Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965), which bids us give due weight to all matters in which the state has given a clear expression of a substantive policy. But the decision held that the federal courts should be able to provide and protect clear federal interests, such as the procedural rules. The Hanna decision confined itself to considering the scope and effect of the Rules Enabling Act (28 U.S.C. Sec. 2072), but the reasoning of the decision has been extended to other cases where there is a strong interest in federal uniformity. For instance, federal courts must now use federal evidentiary rules, Pasternak v. Pan American Petroleum Corp., 417 F.2d 1292, 1295 (10th Cir. 1969) and apply federal law to determine the tolling of a statute of limitations on a state claim, Atkins v. Schmutz Mfg. Co., 435 F.2d 527 (4th Cir. 1970), while sitting in diversity.
 
 
 20
 The diversity jurisdiction of the federal courts is even more a matter of significant federal interest because it is based on the grant of power contained in Article III, Section 2 of the Constitution. Its breadth must be determined at federal and not state level, and it is appropriate to bow to state limitations only when they advance some proper state policy. Szantay v. Beech Aircraft Corp., 349 F.2d 60 (4th Cir. 1965); Wright, Law of the Federal Courts 176. It is difficult to understand what policy could be advanced by conditioning a New York corporation's access to the federal courts sitting in diversity in Pennsylvania on a requirement that the corporation register in Pennsylvania when neither the contract nor the conduct of its business falls under the control of Pennsylvania authorities. Without further justification, it seems to be the kind of blatant discrimination against citizens of other states that diversity jurisdiction was meant to avoid.
 
 
 21
 Furthermore, the law in this circuit interpreting 63 P.S. Sec. 446 compels us to conclude that an interpretation of the law prohibiting a New York firm not doing business in Pennsylvania from recovering on its New York claim in Pennsylvania is incorrect. In C. B. Snyder Realty Co. v. Sherrill-Noonan, Inc., 261 F.2d 269 (3rd Cir. 1958), a New Jersey corporation was engaged by a Pennsylvania corporation to sell land located in Virginia. This court held that Sec. 446 did not bar the suit in the Pennsylvania courts because the plaintiff did not engage in real estate sales in Pennsylvania (id., at 272). The situation is largely analogous to the case sub judice in which a New York corporation had a contract to sell land throughout the United States. While it might at some point have attempted to sell in Pennsylvania, it could have completely performed its contract without ever being required to register with the real estate authorities in the Commonwealth.
 
 
 22
 In addition, state decisions substantiate that the purpose of the statutory bar in Section 446 seems to be the protection of Pennsylvania residents from unscrupulous, or at least unlicensed, real estate brokers operating in Pennsylvania. An opinion by Judge Flood of the same common pleas court in Rabinowitz v. Miller, 51 Dist. & Co.R. 131, 134 (1945), makes the purpose and scope of the law clear. A Pennsylvania defendant attempted to bar a New York broker from recovering his commission for a real estate sale performed in New York. The decision held:
 
 
 23
 While it applies to non-resident brokers, yet a study of the [Real Estate Brokers Act] brings one to the conclusion that it was intended to cover any transaction occurring in Pennsylvania, no matter where the real estate is located, and similarly, it was not to apply to any transaction occurring outside of Pennsylvania, even though the real estate which is the subject matter of the contract was located within the State.
 
 
 24
 cf. Abrams & Dann, Inc. v. HCR Corp., 48 Dist. & Co.R.2d 61 (1968).[9]
 
 
 25
 Finally, an interpretation giving the common pleas decision a wider holding would run afoul of other constitutional issues. Conditioning the enforcement of New York-created rights on registering in Pennsylvania where no valid Pennsylvania policy was at stake would be to run counter to the Supreme Court's admonition in Hughes v. Fetter, 341 U.S. 609, 71 S.Ct. 980, 95 L.Ed. 1212 (1951), that the states must give maximum enforcement to each other's rights. To do otherwise would be to violate the full faith and credit due another state's laws under Article IV, Section 1 of the Constitution. Hughes v. Fetter, supra; First National Bank of Chicago v. United Air Lines, 342 U.S. 396, 72 S.Ct. 421, 96 L.Ed. 441 (1952).
 
 
 26
 Therefore, we conclude that the significant facts in the federal complaint take this case out from under the decision rendered in the state court. The state determination excluded only Pennsylvania corporations from Pennsylvania courts and could not be extended, at least as a matter of res judicata, to bar New York corporations not doing business in Pennsylvania from attempting to enforce their New York claim.
 
 
 27
 "Therefore we hold that the conflict here between federal and state policies, if in fact one exists, is to be resolved in favor of the federal interest in providing a convenient forum for the adjudication of the plaintiffs' actions." Szantay v. Beech Aircraft Corp., supra, 349 F.2d at 66.
 
 
 28
 The order of the district court will be reversed and the case remanded to the district court for further proceedings consistent with this opinion.
 
 
 
 [1]
 Rule 229(a), Pa.R.Civ.P. reads:
 "(a) A discontinuance shall be the exclusive method of voluntary termination of an action, in whole or in part, by the plaintiff before commencement of the trial."
 
 
 [2]
 Plaintiffs in this federal action originally held the contract claim that is the subject of this suit. They assigned it to the state court plaintiff prior to the state court action and were reassigned the contract after the voluntary dismissal of the state court action
 
 
 [3]
 The state court opinion found Pocono Investment Properties, Inc., barred by suit because of 63 P.S. Secs. 431, 442, and 446. 63 P.S. Sec. 442 requires that prior to engaging in the real estate brokerage business in Pennsylvania, all brokers have to register with the Real Estate Commission. It reads, in part, as follows:
 "(a) Any person, copartnership, association, or corporation, who shall, . . . engage in or carry on the business, or act in the capacity of a real estate broker, or a real estate salesman, within this Commonwealth, without a license, or shall carry on or continue business after the suspension or revocation of any such license to him or it issued, or shall employ any person as a real estate salesman, to whom a license as a real estate salesman has not been issued, or whose license as such shall have been revoked or suspended, shall be deemed guilty of a misdemeanor . . .."
 
 
 [63]
 P.S. Sec. 446 bars suits in Pennsylvania courts for any activity in violation of the rest of the provisions of the Act. It reads as follows:
 "No action or suit shall be instituted, nor recovery therein be had, in any court of this Commonwealth by any person, copartnership, association, or corporation for compensation for any act done or service rendered, the doing or rendering of which is prohibited under the provisions of this act to others than licensed real estate brokers, unless such person, copartnership, association or corporation was duly licensed hereunder as real estate broker at the time of the doing of such act or the rendering of such service. 1929, May 1, P.L. 1216, Sec. 16; 1945, May 25, P.L. 1023, Sec. 1."
 
 
 [4]
 The licensing of a real estate broker in another state is not sufficient to permit him to conduct business in Pennsylvania. While 63 P.S. Sec. 437(f) permits him to obtain a Pennsylvania license on the basis of his licensure elsewhere, he must still apply to the Pennsylvania Real Estate Commission for the appropriate license. The ministerial act of the issuance is required before any business can go forward. Therefore, it would seem that if we were to hold that the plaintiff-appellant in this case were required to meet Pennsylvania licensing standards, he would have failed to do so. However, because of our disposition of this appeal we do not reach that issue
 
 
 [5]
 Although the district court conceded that the state court ruling might well be erroneous under the rule previously laid down by this court in C. B. Snyder Realty Co. v. Sherrill-Noonan, Inc., 261 F.2d 269 (3rd Cir. 1958), it found nothing in the new facts which differentiated the second action and brought it under the holding in that case
 
 
 [6]
 Under the doctrine of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) when sitting in diversity, federal courts must apply state law
 
 
 [7]
 Pa.R.Civ.P. 231 permits a plaintiff to begin a second action after his voluntary discontinuance. For examples of this procedure's effect see, Davis v. Hillman, 281 Pa. 150, 126 A. 246 (1924); cf. Scharf v. Richard De Cou Co., 320 Pa. 552, 183 A. 41 (1936)
 
 
 [8]
 Although the contract gave Pocono the right to sell "throughout the United States," no sales in Pennsylvania seem to have been contemplated or attempted. Under the contract, the sales offices at the sites in Pennsylvania were to be maintained by the defendants. (Paragraph 20 of the contract, Appendix p. 23a)
 
 
 [9]
 Even Custis & Co. v. Pa. Salt Mfg. Co., 351 Pa. 148, 40 A.2d 481 (1945), on which the common pleas decision rested, dealt only with a contract in which all the real estate brokerage involved was done within Pennsylvania