**WAYNE A. VANDENBURG ENTERPRISES, INC. d/b/a the Vandenburg Organization**

v.

**PARK DRIVE MANOR, INC., et al.**

Civ. A. No. 87–0997.

United States District Court, E.D. Pennsylvania.

Oct. 5, 1987.

John L. Jenkins, Philadelphia, Pa., for plaintiff.

W. Jeffrey Garson, George C. McFarland, Jr., Saul, Ewing, Remick & Saul, Phil-

adelphia, Pa., for Park Drive Manor, Inc., Park Drive Associates, Inc.

David Smith, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for Victor Druskin.

## MEMORANDUM AND ORDER

LUDWIG, District Judge.

Defendants Victor Druskin and Park Drive Associates, Inc. move for summary judgment.[1]

This is an action on a $75,000 promissory note dated December 3, 1982 made by John Berg as president of defendant Park Drive Manor, Inc., a Pennsylvania corporation. Plaintiff, a Texas corporation, is payee. Movants contend that the note is uncollectible under The Pennsylvania Real Estate Licensing and Registration Act, 63 Pa.S.A. § 455.101 *et seq.* (Purdon 1987), section 455.302 of which provides that:

> No action or suit shall be instituted, nor recovery be had, in any court of this Commonwealth by any person or compensation for any act done or service rendered, the doing or rendering of which is prohibited under the provisions of this act by a person other than a licensed broker ... unless such person was duly licensed and registered hereunder as broker ... at the time of offering to perform any such act or service or procuring any promise or contract for the payment of compensation for any such contemplated act or service.

Furthermore, section 455.301 of the Act makes it

> unlawful for any person,[2] directly or indirectly, to engage in or conduct ... the business ... of a broker ... within this Commonwealth without first being licensed or registered as provided in this act....

Movants assert that plaintiff's president, Wayne A. Vandenburg, who admittedly never was licensed as a broker in Pennsylvania, violated section 455.301 by acting in that capacity and that plaintiff is, therefore, barred from recovery in this proceeding.

Factually, it is undisputed that in late 1981 Vandenburg and Berg met in San Francisco and discussed Berg's contemplated purchase of Park Drive Manor Apartments, located in Philadelphia. They agreed that plaintiff was to receive a $150,000 fee if it obtained suitable financing. In 1982, Vandenburg arranged meetings in Chicago between Berg and representatives of the Skokie Federal Savings and Loan Association, an Illinois lender. Eventually, Skokie agreed to finance the transaction. In 1982, Vandenburg met with Berg at least twice in Philadelphia at Berg's office and discussed the acquisition of the apartments; and he attended the closing in Philadelphia, at which Berg purchased the stock of Park Drive Manor, Inc.[3]

Services of the type rendered by plaintiff are subject to the Act. Finders appear to be included in the definition of "Broker." In the language of the statute, Vandenburg "aid[ed Berg] in ... obtaining for purchase ... [an] interest in ... real estate." 63 Pa.S.A. § 455.201. *See also Boland v. Mullen,* 304 Pa.Super. 415, 418, 450 A.2d 749, 751 (1982); *Harrison v. Soffer,* 221 Pa.Super. 275, 282, 289 A.2d 752, 756 (1972) (both decisions construing prior Act). Moreover, the purchase of the apartments, although accomplished by a sale of the stock of Park Drive Manor, Inc., was the "purchase ... of [an] interest in ... real estate." 63 Pa.S.A. § 455.201. Under the Act, where the parties intend a transfer of real estate, the form of the transaction is immaterial. *Lutsch v. Smith,* 397 So.2d 337, 339 (Fla.Dist.Ct.App.1981) (similar

---

1. Though originally filed as a motion to dismiss under Fed.R.Civ.P. 12(b)(6). since fact matters outside the pleadings were presented and considered, the motion is converted to one for summary judgment. Fed.R.Civ.P. 12(b).

2. "Person" is defined as "[a]ny individual, corporation, partnership, association or other enti-

ty, foreign or domestic." 63 Pa.S.A. § 455.201 (Purdon 1987).

3. According to Vandenburg's affidavit, the stock was purchased by Berg or an entity he represented. Also according to Vandenburg, $75,000 was wired to him after the closing and shortly thereafter he received the note.

statute). *Cf. Schultz v. Palmer Welloct Tool Corp.*, 207 F.2d 652 (3d Cir.1953) (Prior act applies where going business is sold and conveyance of real estate is incidental); *Burke v. Israel*, 264 Pa.Super. 286, 399 A.2d 779 (1979) (and where sale of goods and real estate are not separate transactions).

However, movants have not shown that the services underlying plaintiff's claim took place "within this Commonwealth." 63 Pa.S.A. § 455.301.

The purpose of the statute is to prohibit recoveries by unlicensed brokers for activities conducted within Pennsylvania. *Sun Sales Corp. v. Block Land, Inc.*, 456 F.2d 857, 862–63 (3d Cir.1972); *C.B. Snyder Realty Co. v. Sherrill–Noonan, Inc.*, 261 F.2d 269, 272 (3d Cir.1958). The Act "covers any transaction occurring in Pennsylvania, no matter where the real estate is located, and similarly it was not to apply to any transaction occurring outside of Pennsylvania, even though the real estate which is the subject matter of the contract was located within the State." *Sun Sales Corp.*, 456 F.2d at 862–63 (quoting *Rabinowitz v. Miller*, 51 Pa.D. & C. 131, 134 (1945) (prior Act).

Vandenburg's introduction of Berg and the lender in Illinois appears to be the contractual performance on which plaintiff's claim is founded. It is questionable whether the meetings in Philadelphia involved Vandenburg's attempts to place any financing. His appearance in Philadelphia at the closing post-dated the loan commitment. Arguably, his activities in Pennsylvania amounted to no more than collateral and incidental services. Unless it can be shown that brokerage services occurred in Pennsylvania, the Act does not apply. *Paulson v. Shapiro*, 490 F.2d 1 (7th Cir. 1973) (similar statute). *See also Richland Dev. Co., Inc. v. Staples*, 295 F.2d 122, 128 (5th Cir.1961) (similar statute).

Since this triable issue of fact remains, summary judgment cannot be granted.