NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4698
_____

MARWAN KREIDIE,

*Appellant*

v.

SECRETARY, PENNSYLVANIA DEPARTMENT OF REVENUE

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-13-cv-04287)
District Judge:  Honorable Petrese B. Tucker
_____

Submitted Under Third Circuit LAR 34.1(a)
July 11, 2014

Before:   SMITH, VANASKIE and SLOVITER *Circuit Judges*

(Opinion Filed: July 21, 2014)

_____

OPINION
_____

SLOVITER, *Circuit Judge*.

At issue in this appeal is whether a procedural dismissal that is silent as to its prejudicial effect bars relitigation in a subsequent action. The appellant argues that the District Court erred in finding that his first action was adjudicated on the merits, thus having claim preclusive effect on his second action.

I.

Appellant Marwan Kreidie began his employment in a non-policy position at the Commonwealth of Pennsylvania Bureau of State Lotteries ("State Lottery") on January 1, 2011. According to his complaint, he was also a member of the Democratic Party and participated in numerous community activities associated with his Arab-American ancestry and Islamic faith. In March 2011, after serving two months with the State Lottery, Kreidie was terminated from his position. His termination was preceded by the transition of executive branch control to a Republican administration. Kreidie alleges that he was not discharged for cause and was only told by his employer that "we're going in a different direction."[1]

II.

On August 26, 2011, Kreidie initiated discrimination claims with both the Pennsylvania Human Relations Commission ("PHRC") and the United States Equal Employment Opportunity Commission ("EEOC"). The EEOC issued two Notice of Right To Sue letters, one on February 11, 2013, and the second on June 18, 2013.

---

[1] Of course, we note that the defendants have not filed an answer to this complaint and have not filed a motion for summary judgment.

Kreidie filed his first complaint ("*Kreidie I*"), on December 3, 2012 in the United States District Court against the Pennsylvania Department of Revenue alleging employment discrimination and disparate treatment under Title VII of the Civil Rights Act of 1964 ("Title VII") and a First Amendment violation under 42 U.S.C. § 1983. Kreidie amended his complaint to substitute Pennsylvania Governor Thomas Corbett and Pennsylvania Department of Revenue Secretary Dan Meuser as defendants in place of the Department of Revenue. In response, the defendants filed a motion to dismiss on February 8, 2013.

On February 22, 2013, the District Court approved a stipulation between the parties allowing Kreidie to amend his complaint a second time. The stipulation set March 8, 2013 as the deadline for Kreidie to file a response to the defendants' motion to dismiss and also required Kreidie to submit a proposed second amended complaint to defendants by March 1, 2013. Defendants consented to Kreidie's filing of a second amended complaint, but the court was not notified of this agreement nor was the second amended complaint ever filed. The only explanation for the failure to file the second amended complaint is the statement in Kreidie's appellate brief that it was "[a]s a result of a procedural oversight." Appellant's Br. at 10.

On April 19, 2013, the District Court granted defendants' motion to dismiss as unopposed due to Kreidie's failure to file a response by the deadline agreed in the stipulation. Kreidie then filed a motion for leave to file a second amended complaint, which the Court denied on June 25, 2013. Kreidie did not appeal this order, or the April 19, 2013 dismissal.

3

On July 24, 2013, Kreidie filed a second complaint ("*Kreidie II*") in the same court. *Kreidie II* alleges identical claims to those in *Kreidie I* of disparate treatment under Title VII and First Amendment violations under 42 U.S.C. § 1983. The only difference is that *Kreidie II* lists only Meuser as a defendant and contains an additional count of "Reinstatement," seeking that Kreidie be restored to his former position at the State Lottery. On November 14, 2013, the District Court granted Meuser's motion to dismiss based on the doctrine of res judicata. Kreidie timely appeals.[2]

## III.

Our standard of review is plenary. *Elkadrawy v. Vanguard Grp., Inc.*, 584 F.3d 169, 172 (3d Cir. 2009). We accept all allegations as true and attribute reasonable inferences in favor of Kreidie. *See Alston v. Parker*, 363 F.3d 229, 233 (3d Cir. 2004). We will affirm the District Court's order granting the defendant's motion to dismiss only if it appears that the plaintiff could prove no set of facts that entitles him to relief. *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996).

## IV.

The doctrine of res judicata, or claim preclusion, "acts as a bar to relitigation of an adjudicated claim between parties and those in privity with them." *Transamerica Occidental Life Ins. Co. v. Aviation Office of Am., Inc.*, 292 F.3d 384, 392 (3d Cir. 2002) (internal citations omitted). The doctrine bars not only claims that were brought in a previous action, but also claims that could have been brought. *In re Mullarkey*, 536 F.3d

---

[2] The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 2000e-5(f)(3). We have appellate jurisdiction under 28 U.S.C. § 1291.

4

215, 225 (3d Cir. 2008) (internal citation omitted).  Claim preclusion applies when "there has been (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same causes of action." *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 983 (3d Cir. 1984).  Only the first and second requirements are disputed in this case.

Meuser was a named party in both *Kreidie I* and *Kreidie II*.  Kreidie advances the argument that res judicata should not apply because Governor Corbett is not named as a party in *Kreidie II*.   This argument has no legal basis.  Of relevance is the fact that Meuser was named in both suits.  *See Gregory v. Chehi*, 843 F.2d 111, 120 (3d Cir. 1988) ("In the claim preclusion context, governmental officials sued in their official capacities for actions taken in the course of their duties are considered in privity with the governmental body.").

In conducting an analysis of whether the same causes of action exist between two suits, we focus on "whether the acts complained of were the same, whether the material facts alleged in each suit were the same and whether the witnesses and documentation required to prove such allegations were the same." *Athlone*, 746 F.2d at 984.

Kreidie concedes in his brief that *Kreidie I* and *Kreidie II* involve the same claims. Further, the District Court found that *Kreidie II* contains the same factual allegations as *Kreidie I* verbatim.  The only difference is that *Kreidie II* includes a "Reinstatement" count.  However, we have held that "claim preclusion may not be evaded simply by adding [a related claim] to the very same activity challenged in the first action." *Gregory*, 843 F.2d at 118.  Furthermore, the District Court correctly found that the

5

additional count "concerns only remedies and does not constitute an additional cause of action." App. at 3.

Kreidie's primary argument is that *Kreidie I* did not conclude by a judgment on the merits and therefore cannot have a preclusive effect in any subsequent action.

As explained in the Second Restatement of Judgments, the term "on the merits" has "misleading connotations" as "judgments not passing directly on the substance of the claim have come to operate as a bar." Restatement (Second) of Judgments § 19 cmt. a (1982). The Restatement further explains that an order may be considered a judgment on the merits, "even though the substantive issues have not been tried, especially if the plaintiff has failed to avail himself of opportunities to pursue his remedies in the first proceeding, or has deliberately flouted orders of the court." *Id.*

We have treated a procedural dismissal as an adjudication on the merits having preclusive effects on subsequent actions in several cases. *See Napier v. Thirty or More Unidentified Fed. Agents*, 855 F.2d 1080, 1087 (3d Cir. 1988) (res judicata may apply to prior case dismissed for failure to prosecute; plaintiff failed to attend pretrial conference and submit pretrial memorandum); *McCarter v. Mitcham*, 883 F.2d 196, 199-200 (3d Cir. 1989) (res judicata is especially likely to apply in prior case dismissed as a sanction for untimely delay and failure to obey court order); *Landon v. Hunt*, 977 F.2d 829, 832-33 (3d Cir. 1992) (res judicata applies to prior case dismissed for failure to prosecute; plaintiff failed to appear at trial).

Like the prior cases, *Kreidie I* was dismissed on procedural grounds. Although Kreidie acknowledges in his brief that the court's dismissal in *Kreidie I* was a technical

failure based on "Appellant's inadvertence," he does not acknowledge his failure to file a timely response to the defendants' motion to dismiss by the deadline stated in the court approved stipulation and order. The court noted this error in the footnote of the order dismissing *Kreidie I*. This action is most similar to the facts in *McCarter*, *supra*, where the plaintiff did not file a timely complaint subject to a court order. 883 F.2d at 198. There, the plaintiff moved for an extension of time on account of attorney sickness after the defendant filed a motion to dismiss. Not only did Kreidie fail to file the second amended complaint by the date he had stipulated, he did not seek an extension nor did he file an appeal after the dismissal. By the time the court acted on the defendants' motion to dismiss on April 19, 2013, more than a month had passed from the original deadline of March 8. This led the Court to grant defendants' motion to dismiss as "unopposed."

V.

This situation falls within the scope of Fed. R. Civ. P. 41(b), which provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule- -except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19- -operates as an adjudication on the merits.

As the order in *Kreidie I* is silent as to its prejudicial value, pursuant to Fed. R. Civ. P. 41(b) we must treat the dismissal as an adjudication on the merits. *See Alston*, 363 F.3d at 232 (applying Rule 41(b) to a silent Rule 12(b)(6) dismissal).

In arguing that a procedural dismissal should not be barred by the doctrine of res judicata, Kreidie cites to *Kuhnle v. Prudential Sec., Inc.*, 439 F.3d 187 (3d Cir. 2006), and

7

to two district court decisions outside of this circuit, *Ruffin v. ITT Cont'l Baking Co.*, 636 F. Supp. 857 (N.D. Miss. 1986), and *Weston Funding Corp. v. Lafayette Towers, Inc.*, 410 F. Supp. 980 (S.D.N.Y 1976). Kreidie, in particular, relies heavily on *Kuhnle* but the dismissal order in *Kuhnle* explicitly states that the order was with prejudice. In this case, the judicial order dismissing *Kreidie I* was silent as to its prejudicial effect, leading us to treat the dismissal with prejudice pursuant to Rule 41(b). Fed. R. Civ. P. 41(b).[3]

## VI.

Although the District Court's order dismissing *Kreidie I* was short and did not state whether it was with prejudice or not, the Federal Rules of Civil Procedure and the Restatements provide guidance in such a circumstance. We will affirm the District Court's judgment of dismissal.[4]

---

[3] Both the Eighth and Second Circuits have found that "[t]he denial of a motion to amend a complaint in one action is a final judgment on the merits barring the same complaint in a later action." *Prof. Mgmt. Assocs., Inc. v. KPMG LLP*, 345 F.3d 1030, 1032 (8th Cir. 2003); *see N. Assurance Co. of Am. v. Square D Co.*, 201 F.3d 84, 88 (2d Cir. 2000).
[4] We need not reach the issue that the complaint in *Kreidie II* may contravene the generally accepted rule that individuals may not be held liable under Title VII. *Kachmar v. SunGard Data Sys., Inc.*, 109 F.3d 173, 184 (3d Cir. 1997).